Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7761 | **DATE** | 10/31/2002 |
| **CASE TITLE** | Christopher Richee vs. Ernesto Velasco, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Richee's application is granted to the extend that he need not prepay the $150 filing fee, although further information is required to determine the future installments. (3-1) Richee is allowed until November 22, 2002 to file a revised complaint that meets the requirements of Rule 8(a).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 01 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/31/2002 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER RICHEE,            )
                               )
            Plaintiff,         )
                               )
    v.                         )    No. 02 C 7761
                               )
ERNESTO VELASCO, et al.,       )
                               )
            Defendants.        )

## MEMORANDUM ORDER

Christopher Richee ("Richee") has just submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against a host of named and unnamed members of the staff of the Cook County Department of Corrections ("County Jail"), where Richee has been and remains in custody--both serving a seven year sentence for burglary and awaiting trial on murder charges. Richee has accompanied his bulky Complaint (an understatement, as the later discussion will reflect) with an Application To Proceed Without Prepayment of Fees ("Application") and an attached printout that reflects transactions in Richee's trust fund account at the County Jail of January 2 through August 16, 2002. For the reasons stated in this memorandum order:

    1. Richee's Application is granted to the extent that he need not prepay the $150 filing fee, although further information is required to determine and provide for the payment of that fee in full, but in future installments.

    2. Richee is ordered to replace his present sprawling

pleading with one that complies with the requirements that apply to all parties who seek to litigate in the federal courts.

As for the Application, the attached printout suffers in part from being so faint in places as to be virtually unreadable. More importantly, however, any such printout that stops with transactions more than two months old does not comply with 28 U.S.C. §1915 ("Section 1915") and, by definition, does not enable this Court to make the determination called for in that statute. Section 1915(a)(2) and the related provision of Section 1915(b)(1) call for a statement "for the 6-month period immediately preceding the filing of the complaint"--and in this instance that means the period from approximately April 1, 2002 through the end of October 2002 must be covered so that the necessary calculations can be made. Accordingly a copy of this memorandum order is being sent to the appropriate officials at the County Jail so that they can mail the proper printout to this District Court (in a communication that identifies Case No. 02 C 7761 and is directed to this Court's attention).

As for the Complaint, this Court is of course well aware that pleadings of pro se litigants are to be viewed through a generous lens (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)). But pro se litigants must still comply with the general standards applicable to all litigants, and the

operative requirement for a complaint under Fed. R. Civ. P. ("Rule") 8(a) is this (emphasis added):

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) <u>a short and plain statement</u> of the grounds upon which the court's jurisdiction depends..., (2) <u>a short and plain statement</u> of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

There is no earthly way in which Richee's 85-page handwritten complaint containing 329 paragraphs can be said to fit the description.

Accordingly Richee will be allowed until November 22, 2002 to file a revised complaint that meets the requirements of Rule 8(a).[1] Because this Court has been required to wade through his hopelessly repetitive document in any event (although it would not be fair to impose that obligation, or the obligation to file an answer, on any defendant), Richee's attention is particularly called to a few items:[2]

1. Because of the two-year statute of limitations applicable to Illinois-based Section 1983 actions, Richee's allegations going back as far as 1999 are ill-considered.

---

[1] So that Richee is not prejudiced by that requirement, such a revised complaint will be treated as filed on the date when the original filing was received.

[2] This is not at all an effort to be exhaustive as to the problems that may be posed by Richee's allegations. It is simply an effort to highlight a few items to which he must be attentive.

3

2. Because the only conduct that is actionable under Section 1983 is conduct violative of the <u>federal</u> Constitution, all of Richee's allegations that rely on claimed violations of <u>Illinois</u> rules and regulations do not do the job for that purpose. To the extent that Richee may be trying to piggyback any state-law based claims onto his federal claims under 28 U.S.C. §1367 (which he inadvertently cites as 42 U.S.C. 1367 in Complaint ¶V(2)), he should make that clear by separating out such claims--once again in the required brief form.

3. This Court has previously appointed counsel to represent Richee pro bono publico in another of his lawsuits, <u>Richee v. Sheahan</u>, 02 C 4272. This Court is <u>not</u> appointing that lawyer (or any other lawyer) to represent Richee in this action, and it is left entirely to that lawyer's discretion as to whether he may or may not be prepared to help Richee by providing responses to any general questions that Richee may have (as contrasted with counsel's doing the work that it is incumbent on Richee to perform for himself in producing an appropriately less repetitious and dramatically shortened pleading).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 31, 2002

4