# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7761 | DATE | 12/4/2002 |
| CASE TITLE | Christopher Richee vs. Ernesto Velasco, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Both the Complaint and this action are dismissed without prejudice. Richee's preexisting obligation to pay the $150 filing fee remains. Richee is ordered to take whatever steps are necessary to obtain and transmit such a printout to this District Court, and a copy of this memorandum order is being transmitted to the officials at the County Jail for like action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 09 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/4/2002 date mailed notice | |
| SN | courtroom deputy's initials | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER RICHEE,            )
                               )
            Plaintiff,         )
                               )
      v.                       )   No. 02 C 7761
                               )
ERNESTO VELASCO, et al.,       )
                               )
            Defendants.        )

MEMORANDUM OPINION AND ORDER

On October 31, 2002 this Court issued a memorandum order ("October 31 Order") that, after speaking to the preliminary matters that must be addressed in dealing with non-fee-paid prisoner litigation (see 28 U.S.C. §1915 ("Section 1915")), granted plaintiff Christopher Richee ("Richee") until November 22 to replace his "present sprawling pleading" (an 85-page handwritten complaint containing 329 paragraphs) with a complaint that complied with the "short and plain statement" requirements of Fed. R. Civ. P. ("Rule") 8(a). Because this Court recognized the more generous standards applicable to the pleadings of pro se litigants (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the October 31 Order also took pains to call Richee's attention to some aspects of his pleading that, in addition to the need for greater brevity, required particular attention.

When Richee instead tendered a handwritten response setting out difficulties that he perceived in complying with the

timetable set by the October 31 Order (including having to confront the then-imminent trial of his criminal case), this Court issued a November 15 memorandum order ("November 15 Order") that extended the deadline for Richee's submission of a revised complaint to December 23, 2002. And so that Richee would not confront any added statute of limitations problems by reason of the further delay, the November 15 Order reconfirmed that any revised complaint would be treated as having been filed on the date when Richee's original filing was received. But the November 15 Order concluded with this warning:

> [I]f Richee does not comply with the requirement of this modified order, this Court will be constrained to consider a without-prejudice dismissal of both the existing Complaint and this action.

Now Richee has tendered a revised Complaint that is shorter by just half--this time it occupies 40 pages and 154 paragraphs.[1] Needless to say, that repetitive document also does not comply with Rule 8(a). But even more significantly, Richee has been totally heedless of the several matters that this Court identified in the October 31 Order in an effort to assist him. Indeed, the first 17 pages of Richee's "new" submission are simply rephotocopied pages from his original filing--and although this Court has not undertaken the massive effort of a paragraph-by-paragraph comparison of the two versions, its more limited

---

[1] In the interim, Richee's state court trial has been completed, resulting in his conviction on a murder charge.

scrutiny reveals Richee's continuation of (1) a pattern of overly repetitive allegations (really an understatement), (2) the assertion of claims that stretch back beyond the two-year limitation period applicable to Illinois-based 42 U.S.C. §1983 claims, (3) an undifferentiated emphasis on state-law and state-regulation claims rather than constitutional violations cognizable under Section 1983[2]--and the list could go on.

Despite this Court's invariable recognition of the <u>Haines v. Kerner</u> teaching of generosity toward pro se pleadings (something that, as already stated, was specifically expressed in the October 31 Order), it also remains true that such litigants must conform to the procedural requirements imposed on everyone who seeks or who has gained access to the federal courts (see, e.g., the Supreme Court's teaching in <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993)). And one of those requirements is the obligation to comply with court orders--as our Court of Appeals has said in <u>Downs v. Westphal</u>, 78 F.3d 1252 (7th Cir. 1996):

> But being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully disregard. "Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant...pro se litigants are not

---

[2] Despite the point made on that score in the October 31 Order, Richee has made no effort to differentiate those, instead continuing to mix everything together in a kind of hodgepodge.

3

entitled to a general dispensation from the rules of procedure or court-imposed deadlines." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994).

In this instance Richee has plainly failed to do what this Court directed him to do--a task well within the capacity of anyone as able to articulate his complaints as Richee has shown himself to be. That being so, this Court carries out its express caveat (as earlier quoted from the end of the November 15 Order) by dismissing both the existing Complaint and this action without prejudice.

Two other things should be mentioned, one relating to this now-dismissed lawsuit and the other as to any further effort that Richee might hereafter undertake. Here they are:

1. Despite the fact that this action is now terminated, Richee's preexisting obligation to pay the $150 filing fee remains. Although a copy of the October 31 Order was sent to the appropriate officials at the County Jail, requesting that they transmit a proper printout of transactions in Richee's trust fund account (one covering the period from about April 1, 2002 to the end of October 2002) to enable this Court to make the necessary Section 1915 calculations, no such printout has been forthcoming. Accordingly Richee is ordered to take whatever steps are necessary to obtain and transmit such a printout to this District Court, and a copy of this memorandum order is being

transmitted to the officials at the County Jail for like action (in a sort of belt-and-suspenders effort).[3]

2. Up to now this Court has simply taken Richee at his word as to his claimed exhaustion of administrative remedies (a precondition to the bringing of any prisoner's lawsuit under 42 U.S.C. §1997e(a)). But the wide range of Richee's claims, as well as his references to making oral complaints (which would not of course qualify as the exhaustion of administrative remedies), appear to call for better informed treatment if Richee were to attempt the filing of a new action. Accordingly, if he does do so he will be required to include as part of any new Complaint photocopies (a) of any grievances on which he relies for that purpose and (b) the administrative dispositions of those grievances.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 4, 2002

---

[3] As directed in the October 31 Order, the printout should be sent in a communication that identifies Case No. 02 C 7761 and is directed to this Court's attention.